## JOHN B. & ARLENE CORREA v. COMMISSION
## LEO W. WAITE v. COMMISSION

Ross E. Hearing, La Grande, represented plaintiffs.

Carl N. Byers, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered May 27, 1969.

EDWARD H. HOWELL, Judge.

The plaintiffs operate cattle ranches in the Starkey area of Union County. Their lands have been receiving the special farm use assessment provided by ORS 308.345, which requires the value of qualifying farmlands to be determined by using an income approach. In establishing the value of plaintiffs' lands for the tax year 1968-69 the assessor capitalized the rentals of allegedly comparable lands.

The plaintiffs contend that the assessor used rentals which did not represent the reasonable rental value of comparable grazing lands.

Upon plaintiffs' appeal to the tax commission the commission affirmed the rentals and the farm use values found by the assessor. Plaintiffs appealed to this court.

Evidence was received in the Correa case only as the parties stipulated that the evidence regarding the method of operation, the type of lands involved and rental value would be the same in both cases. The only issue is the reasonable rental value to be used in the income approach to determine the farm use value of plaintiffs' lands in both cases.

The lands are used for grazing cattle which are placed on the land from the first of April of each year and remain there until approximately June 1. They are then moved to Forest Service summer grazing land and returned for the months of October and November.

The plaintiffs offered testimony from one of the largest cattle ranchers in the area that he was paying 50 cents per acre for grazing land in the Starkey section of Union County. However, he stated that he could not say whether or not this was the going rate for rental of similar land.

Evidence was also offered that the Forest Service was charging 63 cents per acre rental for grazing land.

The appraiser for Union County testified that he ascertained the reasonable rental value of an animal unit to be $4.00 per animal unit month. He also testified that the private rental of 50 cents per acre and the 63 cents per acre charged by the Forest Service was below the going rate for renting grazing land.

Plaintiff John Correa testified that four years previously he had rented some similar grazing land to another and charged $3.00 per AUM, but for this amount he included his riding, salting and maintaining the fences.

■ The reasonable rental in this case should be based on an animal unit monthly charge and not on

a per acre basis because the former is a more accurate method of determining the actual number of head the land will support.

Considering the fact that the plaintiff Correa had received $3.00 per AUM for comparable land four years ago, even though he also supplied the services mentioned, it is the court's conclusion that the reasonable rental should be $3.50 per AUM.

The cases are remanded to the tax commission to determine the number of AUM's involved in each case at the rate of $3.50 per AUM and to recompute the farm use value of plaintiff's lands on this basis.